IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BP CARE, INC. | : |
| Plaintiff, | : |
| | : Case No. C-1-01-526 |
| v. | : |
| | : Hon. Susan J. Dlott, |
| TOMMY THOMPSON, *ET AL.* | : District Court Judge |
| Defendants. | : |
| | : Appellate Case No. 03-4365 |

**BP CARE'S REPLY TO ITS MOTION
FOR STAY OF EXECUTION PENDING APPEAL**

The Department has filed a response to BP Care's motion requesting that the motion for stay be denied. For the following reasons, the Department's response is unavailing.

Staying the efforts to enforce the civil monetary penalty imposed as a result of the findings of the Department is not unprecedented. The Sixth Circuit recently granted such a request in a similar appeal "in order to preserve the status quo while this appeal is pending." See Exhibit A, Order, in Crestview Parke Care Center v. Thompson, U.S. Court of Appeals for the Sixth Circuit, Case No. 02-4048. In that case, which involves an affiliate of BP Care, the provider also requested a stay after receiving a letter from the Department similar to one received by BP Care stating the Department's intent to commence collection of a CMP. The Sixth Circuit granted the stay upon the provider's assertion that the appeal was filed in good faith based on material issues of law and fact, and that it would be a better and equitable practice to preserve the status quo of the parties pending decision of the appeal. See Exhibit B, Motion for Stay.

BP Care believes the same reasoning should apply here. It has filed an appeal in good faith based on material issues of law and fact, and it would be a better and equitable practice to preserve the status quo of the parties pending decision of the appeal. Contrary to the claim by the Department, staying this matter pending the appeal will not harm, irreparably or otherwise, the integrity of the survey and certification process. The survey and certification process is designed for an appellate review. With respect to the irreparable harm to the provider, the provider's statement stands on its own. The opinion of the Department's witnesses is based on cost information from 2001 and 2002 and does not reflect the current fiscal state of the provider in 2004.

As for the potential harm to the Department, there is none. Like the provider in the Crestview Parke Care Center case argued to the Six Circuit, BP Care remains a Medicare and Medicaid provider and the Department, which pays its claims at least one month in arrears, possesses as security at least one month's payment for services, which payment exceeds by far the CMP imposed by the Department.

For the reasons stated in the motion and herein, BP Care believes it reasonable to and does hereby respectfully request an immediate stay of execution, without bond, pending appeal in this matter.

Respectfully submitted,

Geoffrey E. Webster (0001892)
J. Randall Richards (0061106)
Attorneys at Law
Two Miranova Place, Suite 310
Columbus, Ohio 43215
(614) 461-1156
FAX (614) 461-7168

Attorneys for BP Care, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing REPLY was served via U.S. mail upon Jan Holtzman, Assistant United States Attorney, United States Attorney Office, 221 East Fourth Street, Suite 400, Cincinnati, 45202, and upon James Walsh, Assistant Regional Counsel, U.S. Department of Health and Human Services, 233 N. Michigan Avenue, Suite 700, Chicago, Illinois, 60601, on the 23rd day of March, 2004.

J. Randall Richards
Attorney at Law