No. 02-4084

**FILED**

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

MAR 1 5 2004

LEONARD GREEN, Clerk

| | | |
|---|---|---|
| CRESTVIEW PARKE CARE CENTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| TOMMY THOMPSON; DEPARTMENT OF HEALTH & HUMAN SERV., et. al., | ) ) ) | |
| Respondents. | ) | |

Petitioner Crestview Parke Center moves for an order staying the efforts of the respondents to enforce the civil money penalty sought by the Department of Health and Human Services as it relates to the findings of the Departmental Appeals Board which are at issue in this appeal. This matter is currently awaiting a decision by the court.

In order to preserve the status quo while this appeal is pending, the motion is GRANTED.

ENTERED BY ORDER OF THE COURT

Leonard Green, Clerk



IN THE UNITED STATES COURT OF APPEALS
IN AND FOR THE SIXTH CIRCUIT

RECEIVED MAR 0 9 2004 LEONARD GREEN, Clerk

FILED MAR 0 9 2004 LEONARD GREEN, Clerk

CRESTVIEW PARKE
CARE CENTER

    Petitioner,

v.

Case No. No. 02-4084

Department of Health and Human
Services, etc., et al.

    Respondents

## PETITIONER'S MOTION FOR STAY OF ENFORCEMENT WITH REQUEST FOR EXPEDITED CONSIDERATION BY SINGLE JUDGE

Petitioner Crestview Parke Care Center ("Crestview Parke") moves, pursuant to FRAP 8 and/or 18, for an Order staying all efforts of Respondents to enforce the Civil Money Penalty ("CMP") sought by the Department of Health and Human Services as relates to the findings of the Departmental Appeals Board at issue in this Appeal. Further, pursuant to FRAP 8(a)(2)(D) and/or 18(D), Crestview Parke requests that consideration of this matter be expedited and assigned to a single judge rather than a Circuit panel because the time requirements make panel consideration impracticable.



The grounds for this Motion are more fully set forth in the attached Memorandum in Support.

Respectfully Submitted,

*[signature]*

Geoffrey E. Webster (0001892)
Two Miranova Place, Suite 310
Columbus, Ohio 43215
(614)461-1156; Fax (614)461-7168
Attorney for Petitioner Crestview Parke Care Center

## CERTIFICATE OF SERVICE

The undersigned does hereby swear and aver that on March 8, 2004, he did serve a copy of the foregoing upon the following by ordinary mail:

Robert Stephans
Assistant Regional Counsel
233 N. Michigan Ave., Suite 700
Chicago, IL 60601

*[signature]*

Geoffrey E. Webster (0001892)

F:\CLIENTS\STRATEGI\CRESTVIE\DABAppeal2002\FedICtAppeal\StayMtn.doc

2

IN THE UNITED STATES COURT OF APPEALS
IN AND FOR THE SIXTH CIRCUIT

| | |
|---|---|
| CRESTVIEW PARKE CARE CENTER | : |
| Petitioner, | : |
| v. | : Case No. No. 02-4084 |
| Department of Health and Human Services, etc., et al. | : |
| Respondents | : |

PETITIONER'S MEMORANDUM IN SUPPORT MOTION FOR
STAY OF ENFORCEMENT WITH REQUEST FOR EXPEDITED
CONSIDERATION BY SINGLE JUDGE

This case is an administrative appeal under 42 U.S.C. § 405(g) and 42 U.S.C. §1320a-7a(e) for review of the final agency decision of Respondent Secretary and Department of Health and Human Services from Decision of its Departmental Appeals Board. A Complaint for judicial review has been pending since October 2002 and this matter has already been argued and is thus awaiting a decision.

The Departmental Appeals Board's Decision affirmed the imposition of a $27,500 civil money penalty relating to findings of alleged non-compliance with the provisions of the Medicare and Medicaid regulations attendant with Petitioner's participation in those programs. This followed an entry of summary affirmance against Petitioner on the eve of hearing and after the party's briefs were

1

concurrently "converted" by the presiding ALJ into summary judgment motions and the ALJ unilaterally and without adequate notice extinguished the ability to present further evidence by cutting off the record.

On March 8, 2004, an agent for the Department wrote Petitioner a letter indicating that the Department will be collecting the CMP. Whether the Department's interpretation of the law regarding collection is correct, this matter is now on the eve of decision. Petitioner submits that, under the circumstances, it would be a better and equitable practice to preserve the status quo of the parties and issue an order staying all efforts of the Department to enforce the properly-reviewable decision while this case/appeal is pending.

The provisions of FRAP 18 provide that an application for a stay of a decision or order of an agency pending direct review in the Court of Appeals shall ordinarily be made in the first instance to the agency. However, no mechanism for relief exists before the ALJ or the DAB.

In further support of this Motion, Crestview Parke, through counsel, has stated that the facts and legal conclusions upon which Crestview Parke's Petition for Judicial Review is based are subject to dispute, as reflected by the administrative record which has already been (or is soon to be) filed with this Court. Crestview Parke has provided reasonable notice of this motion to all parties to the proceeding in the Court of Appeals by faxing a copy of this Motion and

2

Memorandum to the Department's counsel, as reflected in the Certificate of Service.

Petitioner is mindful that this Court may condition a stay of enforcement upon the posting of a bond or surety. However, Crestview Parke submits that under the circumstances it would be a better and equitable practice to preserve the *status quo* of the parties and issue an order staying all efforts of the Department to enforce the properly-reviewable decision while this case/appeal is pending since Petitioner remains a Medicare and Medicaid provider and under Ohio's Medicare and Medicaid program receives payment one month in arrears for services provided the previous month. Therefore, the Department always possesses as security at least one month's payment of services, which payment exceeds the CMP owed.

## CONCLUSION

For all of these reasons, Petitioner respectfully requests an Order staying all efforts of Respondents to enforce or collect, pending decision by this Court, the Civil Money Penalty ("CMP") sought by the Department of Health and Human Services as relates to the findings of the Departmental Appeals Board at issue in this appeal.

Respectfully Submitted,

Geoffrey E. Webster (0001892)
Two Miranova Place, Suite 310
Columbus, Ohio 43215
(614)461-1156; Fax (614)461-7168
Attorney for Petitioner Crestview Parke Care Center

## CERTIFICATE OF SERVICE

The undersigned does hereby swear and aver that on March 8, 2004, he did serve a copy of the foregoing upon the following by Fax and ordinary mail:

Robert Stephans
Assistant Regional Counsel
233 N. Michigan Ave., Suite 700
Chicago, IL 60601

Geoffrey E. Webster (0001892)

F:\CLIENTS\STRATEGI\CRESTVIE\DABAppeal2002\FedlCtAppeal\memoMm2Stay.doc

4

IN THE UNITED STATES COURT OF APPEALS
IN AND FOR THE SIXTH CIRCUIT

**CRESTVIEW PARKE** :
**CARE CENTER** :
  :
  Petitioner, :
  :
  v. : Case No. No. 02-4084
  :
**Department of Health and Human** :
**Services, etc., et al.** :
  :
  Respondents :

---

**DECLARATION OF GEOFFREY WEBSTER IN SUPPORT OF PETITIONER'S MOTION FOR STAY OF ENFORCEMENT WITH REQUEST FOR EXPEDITED CONSIDERATION BY SINGLE JUDGE**

---

I, Geoffrey Webster, state and declare as follows:

1. I am one of the counsel for Petitioner in this action.

2. This case is an administrative appeal under 42 U.S.C. § 405(g), 42 U.S.C. §1320a-7a(e), 42 C.F.R. § 498.5(c) and 42 C.F.R. § 498.90(a)(1) for review of the final agency decision of Respondent's secretary and Department of Health and Human Services from Decision of its Departmental Appeals Board ("DAB"). The Departmental Appeals Board's Decision imposed a civil money penalty (CMP) of $27,500.00 relating to findings of alleged non-compliance with the provisions of the Medicare/Medicaid regulations attendant with Petitioner's participation in the Medicare and Medicaid programs.

3. A Complaint for judicial review has been pending since October 2002 and this matter has already been argued and is thus awaiting decision.

4. The Complaint for Judicial Review was, in my opinion, filed in good faith and in accordance with Fed. R. Civ. Pro. 11, based on material issues of legal and factual dispute and as set forth in Petitioner's briefings filed with the DAB and ALJ below.

5. Petitioner has done everything in its power to prior to seeking a stay here. There is no remedy for a stay through the ALJ or DAB/agency under FRAP 18(a)(1).

6. Petitioner is mindful that this Court may condition a stay of enforcement upon the posting of a bond or surety. However, Petitioner remains a Medicaid provider and under Ohio's Medicaid program receives payment one month in arrears for services provided the previous month. Therefore, the Department always possesses as security at least one month's payment of services, which payment exceeds the CMP owed.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing is true and accurate.

Executed on March 8, 2004:

Geoffrey E. Webster
Two Miranova Place, Suite 310
Columbus, Ohio 43215
(614)461-1156; Fax (614)461-7168
Attorneys for Crestview Parke Care Center, *Petitioner*

F:\CLIENTS\STRATEGI\CRESTVIE\DABAppeal2002\FedCtAppeal\GEWDeclarationMotion4Stay3.8.04.doc

2