IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| BP Care, Inc. | Case No. C-1-01-526 |
| Plaintiff | |
| | District Judge Susan J. Dlott |
| v. | |
| | ORDER DENYING |
| Tommy Thompson, Secretary of | PLAINTIFF'S MOTION FOR |
| Health and Human Services, *et al.* | STAY OF EXECUTION |
| | PENDING APPEAL |
| Defendants | |

    This matter comes before the Court on Plaintiff BP Care Inc. ("BP Care")'s Motion for Stay of Execution Pending Appeal. (Doc. #29.) The facts of this case have been set forth exhaustively in the Court's September 26, 2003 order (doc. #24) granting the motion to dismiss of Defendants Tommy Thompson and the Department of Health and Human Services, collectively referred to as the Centers for Medicare and Medicaid ("CMS"). They will not be repeated here. BP Care now moves the Court pursuant to Federal Rule of Procedure 62(c) to stay CMS' attempts to collect a civil monetary penalty from BP Care[1] pending appeal. For the reasons set forth below, BP Care's motion is **DENIED**.

---

[1] Evidence submitted by CMS indicates that BP Care's Medicare provider number, which BP Care took over from West Chester Management Company, Inc., doing business as Barbara Parke Care Center, was assigned to RCR North, Inc and then again to Regal Care Residences, Inc. after multiple changes in management. (Doc. #30, exh. 1 ¶ 5.) For clarity's sake, the Court will continue to refer to the care provider using Medical Care Provider # 36-5457 as "BP Care."

When considering a motion to stay an order pending appeal under Rule 62(c), a court must consider four factors: (1) whether the party asking for a stay has made a strong showing of likelihood of success on the merits, (2) whether that party will be irreparably injured absent a stay, (3) whether issuance of the stay will substantially injure the other party interested in the proceedings, and (4) where the public interest lies.  See Hilton v. Braunskill, 481 U.S. 770, 776 (1987).  As this Court dismissed the case in September and BP Care has introduced no new evidence or intervening law, stating only that it "respectfully disagrees" with this Court's ruling (doc. #29 at 7), BP Care has not made a strong showing of likelihood of success on the merits.

BP Care has presented evidence that absent a stay, it will be irreparably injured because it will have to cut services and, as a result, fail to give nursing home residents appropriate care and fail to keep the facility clean and orderly.  (Doc. #29, second affidavit of Roger King at ¶¶ 2,3,4.)  Joseph Oberman, a CMS accounting specialist, testified that, according to the most recent Medicare cost reports, over the course of 2002, BP Care's monthly expenses increased dramatically by 296.3% in consulting and home office costs.  (Doc. #30 exh. 1 ¶¶ 20, 21, 22, 23.) Despite this enormous increase in costs, BP Care still netted a profit in 2002 and reported assets of approximately $1.25 million, including approximately $557,893.45 in a cash account.  (Id. ¶¶ 24, 25.)  Given the inexplicable skyrocket in consulting fees, the fact that BP Care still has over half a million dollars of liquid cash, and the fact that the monetary penalty CMS seeks to collect totals only $35,650, it is inconceivable that collection of such a penalty from BP Care will seriously compromise the nursing home care that BP Care provides and cause irreparably injury.

BP Care also argues that CMS will not be harmed by the requested stay because both Medicare and Medicaid have the power to offset the penalty from BP Care's Medicare and

Medicaid reimbursement following appeal.  This argument takes into account only the monetary value of the penalty and does not consider CMS' interest in an efficient process by which to protect the integrity of the survey and certification enforcement process.  Further, given the numerous changes in management that BP Care has undergone, CMS has a valid concern that an extraordinary delay in collection will hamper the processes CMS has in place to regulate the quality of nursing care facilities.

Finally, BP Care argues that the public interest lies in granting the stay because the public interest lies in delivering care and services to nursing home residents.  The public also has a strong interest in an enforcement process that holds nursing care facilities to a legislated standard of care.  Collecting the monetary penalty from a nursing care provider that has already been found in violation furthers such a process.

Weighing the factors set forth above, the Court finds that BP Care has not made sufficient showing that (1) it has demonstrated a strong showing of likelihood of success on the merits, (2) it will be irreparably injured absent a stay, (3) issuance of the stay will not substantially injure CMS, and (4) the public interest lies in granting the stay.  BP Care's motion for a stay pending appeal (doc. #29) is therefore **DENIED**.

IT IS SO ORDERED.

       ___s/Susan J. Dlott_____
       Susan J. Dlott
       United States District Judge